UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SUMMER HOLMES, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRS PROCESSING LLC D/B/A MILLER, STARK, KLEIN & ASSOCIATES,<br><br>Defendant. | Case No. 3:18-cv-01193-BJD-JRK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL, INJUNCTIVE RELIEF SOUGHT**

Plaintiff Summer Holmes ("Plaintiff" or "Ms. Holmes"), individually and on behalf of all others similarly situated, alleges the following on information and belief against DRS Processing LLC d/b/a Miller, Stark, Klein & Associates ("Miller" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act (TCPA). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" (ATDS) to the cellular telephones of consumers nationwide without their consent; (2) enjoin Defendant from continuing to place calls using an ATDS to consumers who did not provide their consent to receive them, and (3) obtain redress for all persons injured by its conduct.

**NATURE OF THE ACTION**

1. Miller called Ms. Holmes' cellular telephone at least once using an artificial and prerecorded voice and/or an ATDS, including a call on September 10, 2018 from the following telephone number: (904) 320-0037.

2. When Plaintiff answered the September 10, 2018 call, she heard a momentary silence before the phone disconnected. This pause, followed by the call disconnecting, presumably

because no agent was available to take the call, is strongly indicative of the use of a predictive dialer.

3. Plaintiff never provided consent to be called by Miller.

4. Miller Stark Klein & Associates is a d/b/a of DRS Processing, LLC, as certified by Defendant's principal before a federal court in the Western District of North Carolina. *See* Darryl Miller's Affidavit in Opposition to Plaintiffs' Motion for Determination and Award of Damages and Attorneys' Fees, filed in *Cascade Capital, LLC, et al. v. DRS Processing LLC d/b/a Miller Stark Klein & Associates*, 3:17-cv-00470-RJC-DSC, Doc. No. 31, ¶ 2 (W.D.N.C. Jan. 28, 2019) ("I am the owner of DRS Processing, LLC d/b/a Miller Stark Klein & Associates . . . .").

5. The unlawful call placed to Plaintiff is part of Miller's pattern of practice of calling consumers on their cellular telephones using an autodialer who have no direct relationship with Miller.

6. Darryl Miller, through the entities DRS Processing LLC and Miller, Stark, Klein and Associates conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without their consent, all in violation of the TCPA.

7. By making these autodialed calls, Miller caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

8. Furthermore, Miller made these calls knowing they interfered with Plaintiff's and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

9. When Plaintiff answered Defendant's calls, including the September 10, 2018 call, she heard a momentary pause. This pause is a hallmark of a predictive dialer. According to the Federal Communications Commission and experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

10. Plaintiff did not give Defendant her consent to make these calls.

11. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their cellular telephones using an ATDS without their consent within the meaning of the TCPA.

## PARTIES

12. Plaintiff Summer Holmes is, and at all times mentioned herein was, a resident of Jacksonville, Florida, and a citizen of the State of Florida.

13. Defendant Miller, Stark, Klein & Associates is, upon information and belief, a North Carolina corporation with a principal place of business at 301 McCullough Drive, Suite 400, Charlotte, NC 28262-1336. According to principal Darryl Miller, Miller, Stark, Klein & Associates is a d/b/a of DRS Processing LLC.

14. DRS Processing LLC is a North Carolina limited liability company with a principal place of business at 10130 Mallard Creek Road, Suite 300, Charlotte, North Carolina 28262.

15. Defendant conducts business in this District and throughout the United States.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

17. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

18. This Court has personal jurisdiction over Defendant because Defendant made unlawful calls to Plaintiff, who resides in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

19. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant made and continues to make unwanted autodialed and prerecorded calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.  The TCPA Of 1991**

20. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

21.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

**B.     Miller's Calls to Plaintiff and Class Members**

22.     Plaintiff has never had any contact with Defendant.

23.     Miller called Ms. Holmes' cellular telephone at least once using an artificial and prerecorded voice and/or an automatic telephone dialing system, including a call on September 10, 2018 from telephone number: (904) 320-0037.

24.     When Plaintiff answered Defendant's calls, including the September 10, 2018 call, she heard a momentary pause. This pause is a hallmark of a predictive dialer.

25.     Defendant owns the telephone number (904) 320-0037. In fact, when the number is dialed back, an automation answers which states: "Hello, thank you for calling Miller, Stark, Klein & Associates . . . ."

26.     Specifically, the hardware and software used by Defendant placed the calls at issue with a predictive dialer with the present capacity to (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers, *en masse*, in an automated fashion without human intervention.

27.     Plaintiff's situation is not unique because when placing these calls to consumers, Defendant fails to obtain prior express consent as required by the TCPA from cellular telephone subscribers to make such calls.

28. At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed calls are being made to consumers' cellular telephones through its own efforts and their agents.

29. Defendant knowingly made (and continues to make) autodialed and prerecorded calls to cellular telephones without the prior express consent of the called party. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

30. Defendant has a history of unlawful conduct toward consumers.

31. The Better Business Bureau noted "a pattern of complaints concerning billing and collection" practices, including "harassing" and "threatening comments."

32. Online consumer complaints regarding Defendant are legion, and further demonstrate Defendant's wanton and willful disregard for the law:

- "Harassing calls to my phone from multi[p]le numbers. The company states that there are multi[p]le complaints against me. There are not and I'm in no debt. The company attempts the gain info. they hang up on me when I try to get info. Called the number they provided **************. Just get hung up on."[1]

- "Repeated calls from rude and abusive representatives who refuse to realize we aren't who they are looking for Repeated calls insisting I owe some debt from more than 20 years ago from a bank I never did business with, and while they've found (purchased?) my birthdate and SS# (how did THAT happen?) they have the wrong address, etc. Said they've been by our house and sent emails, etc[.] but of course, we've never received

---

[1] https://www.bbb.org/us/nc/charlotte/profile/collections-agencies/miller-stark-klein-associates-0473-494120/complaints (last visited 10/5/18).

6

anything and there is a security gate here, so obviously no one has been here. It's a total scam and BBB has on record numerous complaints about them as well as a recent conviction of their collections manager (who admitted guilt under a different company name o[f] Direct Processing LLC - Mr ***********.) The latest call was today and the woman caller was threatening us with court and said rude things like "so your wife has to speak for you" and worse. We're recording phone numbers, dates and times. We're tired of telling them not to call and will block the numbers but we know they'll just try another one. Can't you please do something about these fraudulent practice[]s? Shut them down! We aren't who they are looking for, and they know it. It's been going on for months now."

- "Attempting to Collect a debt opened 14 years ago that was paid off in 2015. They use spoofing to call me & I 1st received calls from ***** back in March 2018. The call comes from a robot that calls, states your & then a recording says "our office has received several complaints... press 1 to speak to a live agent." The reps all have varying stories about this debt. Representative 1 knew my name, birthday & SSN. He told me that they were preparing to take me to court unless I was ready to pay up but I informed him that never banked w/ ***************."

- "Was informed by MSK and Assc that I owed them money and that I needed to resolve it by 4PM that day. Was also spoken to very curtly & in a rude manner[.] On 09May2018 I received a message about having several complaints lodged against me and that I would need to call the number provided. I called and was told that MSK & Assc. had bought my debt from an account I had with ******* from 2003-2008. I've never banked with US Bank, nor held an accou[n]t with them. I was informed of my case number, acct# and

7

state ID I used to open the account. The state ID was incorrect and the timeline did not match up with any physical location I was at during this time frame."

- On 5/8/18 I received a phone call with a recording saying that there's been several complaints file against me and I need to hold to speak with the next representative. Someone asked to speak with me I answered speaking then they asked is this ************ I said speaking they hung up in my face. I called back several times to see what that call was regarding and each time they hung up in my face. So I called back with a blocked number and got someone right away. I stated that I received a called then they asked my name, once I gave them my name they immediately hung up in my face. I called back 8 times after and finally spoke with someone named Taylor. She asked for my name and verified the last four of my social. Taylor then go on to say I owe embarq a significant amount of money. I stated that I never had embarq she go on to ask if I ever lived on a street called ram I stated no. Taylor then says well we are going to file a judgment against you for almost 2000 and they will take 25% of my check, then hung up in my face. Never once during this call did they say this is an attempt to collect a debt and any information obtained would be used for that purpose. Also they have fail to state when this took place or anything. Also about a few months ago I received a call from these people about the same thing and I informed them that I had no such service and they hung up in my face. When I called back that time the person said 'well you said it's not your account so why do I need to continue to speak with you.? These people are very unprofessional and rude and I feel they are trying to scam people out of their money."

- "Received an automated voicemail regarding multiple complaints I received a voicemail on 5/4/2018 stating I have several legal claims against me and that I needed to call back at 1-877 something."

- "A scavenger debt collector who calls wrong number multiple times I have rec[ei]ved multiple phones call[]s from this scavenger debt collection agency who obviously banks on reaching uneducated people they can scam. Funny thing is they are not calling me they keep looking for someone named *************. I have called multiple times to ask them to stop calling."

33. These complaints represent just a sampling of otherwise voluminous complaints against Defendant regarding its willful and wanton violations of the TCPA.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

35. Plaintiff proposes the following Class definition:

    All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the original complaint in this action to the date that class notice is disseminated.

36. Plaintiff represents, and is a member of, this proposed class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

37. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the class is so numerous that individual joinder would be impracticable.

38. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

39. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40. The proposed class can be identified easily through records maintained by Defendant.

41. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to Plaintiff and class members using an ATDS without their prior express consent;
   b. Whether Defendant's conduct was knowing and/or willful;
   c. Whether Defendant is liable for damages, and the amount of such damages, and
   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

42. **Typicality.** Plaintiff asserts claims that are typical of each member of the class because they are all persons who received calls on their telephones using an ATDS without their prior express consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

43.     **Adequacy of Representation.**  Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

44.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

45.     **Superiority.**  A class action is the superior method for the fair and efficient adjudication of this controversy.

46.     Class wide relief is essential to compel Defendant to comply with the TCPA.

47.     The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

48.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all autodialed and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

49.     Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.

50.     Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

51. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

54. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

55. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

56. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

58.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

59.     Plaintiff and members of the proposed class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

60.     Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

   a.   Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

   b.   As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

   c.   As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

   d.   An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

   e.   An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate class, finding that

Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

f.   Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  January 2, 2020    Respectfully submitted,

By:   */s/ Scott A. Bursor*
          Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joshua D. Arisohn*
Andrew Obergfell*
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com
           jarisohn@bursor.com
           aobergfell@bursor.com

*Attorneys for Plaintiff*

*\* Admitted Pro Hac Vice*